















```
CAG    5/29/01    12:44
3:99-CV-00351    HEWLETT PACKARD V. MUSTEK SYSTEMS INC
*256*
*MLIM.*
```

1  JOHN ALLCOCK (Bar No. 098895)
   JAMES T. HANNINK (Bar No. 131747)
2  JOHN E. GIUST (Bar No. 196337)
   LICIA E. HEFFERNAN (Bar No. 185819)
3  **GRAY CARY WARE & FREIDENRICH LLP**
   401 B Street, Suite 1700
4  San Diego, CA  92101-4297
   Tel:  (619) 699-2828
5  Fax:  (619) 699-2701

6  Attorneys for Plaintiff
   HEWLETT-PACKARD COMPANY

7

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11 HEWLETT-PACKARD COMPANY, a          CV No.  99cv0351-RHW(RBB)
   Delaware corporation,
12                                     **HEWLETT-PACKARD COMPANY'S MOTION
               Plaintiff,              IN LIMINE TO PRECLUDE REFERENCE TO
13                                     OR EVIDENCE REGARDING PATENTS THAT
         v.                            HAVE BEEN DISMISSED FROM THE
14                                     LITIGATION**
   MUSTEK SYSTEMS, INC., a
15 Taiwanese company, and              **[HP's Motion in Limine No. 3 of
   MUSTEK, INC., a California          10]**
16 corporation,

17             Defendants.             Trial: June 18, 2001
                                       Time:  1:00 p.m.
18                                     Ctrm:  14
                                       Judge: Hon. Robert H. Whaley
19
   AND RELATED CROSS-ACTIONS.
20

21

22

23

24

25  **ORIGINAL**

26

27

28

SD\144728
100818-155317                                         99cv0351-RHW (RBB)

Plaintiff Hewlett-Packard Company ("HP") respectfully submits this motion in limine to preclude the parties, counsel, and witnesses, in the presence of the jury, from mentioning or referring to, or attempting to introduce testimony or documents regarding, patents that are no longer at issue in the case due to settlement or dismissal.

## I. BACKGROUND.

This case began in 1999 with HP asserting five patents against Mustek, and Mustek asserting one patent against HP. Since then, the parties have stipulated to the dismissal of four of those patents and related counterclaims. (One patent was dismissed in January 2001, and three patents are in the process of being dismissed pursuant to a Confidential Partial Settlement Agreement between the parties.)

## II. ONLY RELEVANT EVIDENCE IS ADMISSIBLE.

Under Fed. R. Evid. 402, only relevant evidence is admissible. The patents that have been resolved are no longer relevant to any issues in this case. The only patents remaining at issue are HP's '635 (preview scan) and '878 (color recombination) patents, and evidence and argument should be limited to those patents. Counsel and witnesses should be directed to not mention or comment on the other patents, the fact that they were formerly at issue, or the fact that claims or counterclaims regarding those patents have been dismissed.

/////
/////
/////
/////

### III. MUSTEK SHOULD NOT BE PERMITTED TO INTRODUCE DOCUMENTARY EVIDENCE OR TESTIMONY RELEVANT ONLY TO HP'S '871 PATENT, WHICH IS NO LONGER AT ISSUE.

Based on Mustek's trial exhibit list and deposition designations, it appears that Mustek may intend to present documentary and/or oral testimony concerning HP's '871 patent, which was dismissed by stipulation in January 2001. For example, Mustek has listed on its exhibit list numerous documents that relate only to the '871 patent, and has designated deposition testimony of Gerald Meyer, an inventor on the '871 patent.

Mustek apparently believes it can make the '871 an issue in the case because the "Background of the Invention" section of HP's '878 patent incorporates the '871 patent "for all that it discloses." It appears that Mustek intends to argue that that incorporation by reference somehow justifies reading *claim limitations* from the '871 into the '878 patent.

By way of example, Mustek's trial exhibits 572 and 573, attached hereto as Exhibits 1 and 2, are amendments to the '871 patent application. They have no bearing whatsoever on the '635 or '878 patents. Also included on Mustek's exhibit list are the prior art references which Mustek previously contended invalidate the '871 patent (e.g., Mustek's Ex. 582, U.S. Patent No. 4,691,114 to Hasegawa). Again, this is irrelevant; neither side's technical experts have included any mention of the Hasegawa patent in expert reports concerning the '878 patent.

HP requests that the deposition designations of Gerald Meyer be excluded, and that at least the following Mustek trial exhibits should be excluded from trial for the reasons explained

-2-

| | |
|---|---|
| 1 | above: 528, 529, 530, 533, 546, 547, 564, 565, 572, 573, 578- |
| 2 | 582, and 862-864. |

**IV. CONCLUSION**

The patents that have been resolved are no longer at issue. Presenting evidence or argument relevant only to an already-dismissed patent invariably wastes time and risks confusing the jury. Such evidence and argument should be precluded.

DATED: May 25, 2001

GRAY CARY WARE & FREIDENRICH LLP

By _____
JOHN ALLCOCK
JAMES T. HANNINK
JOHN E. GIUST
LICIA E. HEFFERNAN
Attorneys for Plaintiff
HEWLETT-PACKARD COMPANY

-3-



Applicants: Gerald Louis Meyer
            David Wayne Boyd

Serial No.: 07/356,027                : Group Art
                                      :   Unit: 262
Filed:      May 23, 1989              :

Title:      DIRECTION SCALING METHOD AND  : Examiner:
            APPARATUS FOR IMAGE SCANNING  :   Vu,K.
            RESOLUTION CONTROL            :

RECEIVED

AMENDMENT

APR 26 1990

Hon. Commissioner of Patents and Trademarks
Washington, D.C.  20231

GROUP 260

Sir:

In response to the Official Communication mailed February 21, 1990, please amend the above-identified application as follows:

IN THE SPECIFICATION:

   Page 1, line 29, delete "removing" and insert --for moving--

   Page 2, line 22, delete "a bell-type" and insert --such an--

   Page 9, line 15, delete "by which the" and insert --for taking--

   Same line, delete "level" and insert --levels--

   Line 16, after "and" insert --those samples are--

IN THE CLAIMS:
   Please amend claim 1 as follows:

Claim 1. (Amended) Apparatus for scaling image data sensed from a planar media which contains the image using a scanner head having an array of elements each capable of detecting the level of light reflected from the media image with the elements retained in the head in a generally elongated linear configuration and an actuator for producing relative

HP188478                               1

CERTIFICATE UNDER 37 CFR 1.8 (a)

I hereby certify that this correspondence is being deposited with the United States Postal Service as as first class mail in an envelope addressed to: Commissioner of patents and Trademarks, Washington, D.C. 20231 on April 18, 1989
                                              (Date of Deposit)
         Valerie Bakes
         _____
                (Date of Signature)


DEFENDANT'S DEPOSITION EXHIBIT
572-MEYER
4-27-00

movement of a line of scanning light with respect to the media image plane so that light from a source illuminating the media image is reflected into the array elements comprising:

means generating a signal reflecting a predetermined pixel sampling density,

means responsive to <u>signals present at</u> an input [signal] <u>thereof</u> for enabling the relative movement producing actuator to cause relative motion of the line of scanning light [through the said plane parallel] <u>with respect</u> to the media image plane at a rate corresponding to <u>signals present at</u> said input, and

means coupling said generating means signal to said enabling means input for causing said relative movement producing actuator to establish relative movement between the media image and the line of scanning light at a rate correlated to a predetermined pixel density.

Please amend claim 2 as follows:

Claim 2. (Amended) Apparatus in accordance with claim 1 which further includes means for sampling the scanner head elements at a constant rate as said actuator causes the relative movement between the scanning light line and the [plane parallel to the media] media image plane.

Please amend claim 6 as follows:

Claim 6. (Amended) A process for scanning an image present on a planar media using a scanning head having a generally linear array of discrete light sensor elements positioned to detect light reflected from relative movement between a line of light and the media comprising the steps of

positioning the line of light with respect to the <u>image contained on the planar</u> media [image] in proximity to an edge of [the] <u>that</u> image,

determining the image scaling density as a function of the number of pixels per geometric unit of the image for recording, [and]

HP188478                                             2

moving the line of light across the image from said initial location image edge at a substantially fixed rate correlated to said determining step, and

sampling the output of the light sensor array elements at a constant rate.

REMARKS

In the Office Action mailed February 21, 1990 for the referenced application, art disclosed by applicant was placed in the record, claims 1-7 were rejected under 35 USC 112, and seven additional prior art references were cited as of interest to the disclosure hereof. The present amendment clarifies the recitations of claims 1-7 in accordance with the helpful and constructive suggestions advanced by the Examiner. These clarifying amendments are believed relatively straightforward and self-explantatory, although the Examiner is welcome to request any further clarification if necessary. Reconsideration of this application is requested.

With respect to the art cited but not relied upon, U.S. Patent 4,394,693 by Shirley manipulates image data electronically to produce an enlarged output by duplicating rows and columns or to produce a reduced image output by dropping or deleting rows or columns.

Matteson 4,367,493 controls the scanning of an original document as a function of the content of a buffer circuit.

Kondoh 3,919,464 shows a closed loop digital system wherein pulses for a scanner motor drive are gated as a function of the density of the scanned data.

Oliver 3,670,099 uses dual heads in a facsimile transmission system with a leading head sensing data density for adjusting the drive motor speed so as to cause the data thus sensed to pass under a downstream read head at a speed correlated to the data density. That is, the greater the data density, the slower the motor speed, and vice versa. It also controls the speed of the reproduction device at the facsimile receiver as is obviously necessary with such a variable speed system.

Mizuno 4,704,637 determines the image density by setting a variable resistance to control the referenced level input to a comparator circuit which converts image data to a one or zero as a function of that reference signal level.

Kurata et al 4,449,152 converts the number of dots per millimeter as a function of magnification or reduction selected. It also does some data processing control as a function of the document sizes involved.

Ohnishi 4,190,867 correlates data sampling with the rotational speed of the faces for a multi-faceted mirror prism.

None of the aforementioned references whether taken singly or in any proper combination teaches or suggests apparatus and processes for controlling the relative movement between a media image and a scanner head in correlation with a predetermined pixel sampling density so that the image pixel density corresponds to the predetermined level despite use of a relatively constant data sampling rate as is taught and claimed in the present application.

Respectfully submitted,
GERALD L. MEYER et al.

By _____
Earl C. Hancock, Attorney
Registration No. 19,472
Telephone: (303) 447-2060

EXHIBIT 2

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicants: Gerald Louis Meyer
David Wayne Boyd

Serial No.: 07/356,027 : Group Art: Unit: 262

Filed: May 23, 1989 :

Title: DIRECTION SCALING METHOD AND : Examiner: Vu, K.
APPARATUS FOR IMAGE SCANNING :
RESOLUTION CONTROL :

RECEIVED

AMENDMENT                   OCT 10 1990

Hon. Commissioner of Patents and Trademarks
Washington, D.C. 20231                    **GROUP 260**

Sir:

In response to the Office action mailed July 17, 1990, please amend the above-identified application as follows:

IN THE CLAIMS:

Please amend the claims as follows:

Claim 1. ( Twice amended) Apparatus for scaling image data sensed from a planar media which contains the image using a scanner head having an array of elements each capable of detecting the level of light reflected from the media image with the elements retained in the _scanner_ head in a generally elongated linear configuration and an actuator for producing relative movement of a line of scanning light with respect to the media image plane so that light from a source illuminating the media image is reflected into the array elements comprising

means generating a signal reflecting a predetermined pixel sampling density,

_enabling means having an input and including_ means responsive to signals present at [an] _said enabling means_ input [thereof] for enabling the relative movement producing actuator to cause relative motion of the line of scanning light with respect to the media image plane at a rate corresponding to signals present at said _enabling means_ input, and

HP188478                                1

CERTIFICATE UNDER 37 CFR 1.8 (a)

hereby certify that this correspondence is being deposited with the United States Postal Service as as first class mail in an envelope addressed to: Commissioner of patents and Trademarks, Washington, D.C. 20231 on October 8, 1990

(Date of Deposit)

Lynette DeBrey

10/8/90
(Date of Signature)             xxxxxxxxx

DEFENDANT'S DEPOSITION
EXHIBIT
573-MEYER
4-27-00

means coupling said generating means signal to said enabling means input for causing said relative movement producing actuator to establish relative movement between the media image and the line of scanning light at a rate correlated to a predetermined pixel density.

Claim 2. (Twice amended) Apparatus in accordance with claim 1 which further includes means for sampling the scanner head elements at a constant rate as said actuator causes the relative movement between the scanning light line and the media image plane.

Claim 4. (Amended) Apparatus in accordance with claim 1 wherein said actuator includes a drive motor for moving the line of scanning light, and said signal generating means includes microprocessor means [having an input thereto] coupled for receiving said signal corresponding to said predetermined pixel sampling density, said microprocessor means converting said [input] sampling density signal to an output signal for coupling to energize said motor for energizing it to move the scanning light line at said pixel density correlated rate.

Claim 6. (Twice amended) A process for scanning an image present on a planar media using a scanning head having a generally linear array of discrete light sensor elements positioned to detect light reflected from relative movement between a line of light and the media comprising the steps of

positioning the line of light with respect to the image contained on the planar media image in proximity to the location of an initial edge of that image,

determining the image scaling density as a function of the number of pixels per geometric unit of the image for recording,

moving the line of light across the image from said initial [location] image edge location at a substantially fixed rate correlated to said determining step, and

sampling the output of the light sensor array elements at a constant rate.

REMARKS

This is in response to the Office action mailed July 17, 1990 for the above-identified application. The indication by the Examiner that claims 1-7 are allowable if placed in proper format is noted with appreciation. In the Office action, certain objections to wording contained in claims 1, 2, 4, and 6 were raised and Suzuki et al 4,922,351 was noted as of record. The helpful suggestions advanced by Examiner Vu in the Office action regarding improvements in the claim language are likewise noted with appreciation and are fully implemented in the present amendment. Accordingly, reconsideration of this application is requested.

Regarding claim 1, the suggested changes to lines 5 and 22 are implemented verbatim. The possible confusion relating to the use of the term "input" in lines 13 and 18 is herein relieved by positively reciting the input as an element of the enabling means while thereafter attaching the phrase "enabling means" as an adjective for that specific input wherever it does not already so exist.

The suggested correction to claim 2 is also incorporated herein verbatim.

Claim 4 is herein amended to avoid any possible confusion with the term "input" from its parent claim 1 by removing that term from the claim. That is, claim 4 now recites that the microprocessor means is "coupled for receiving said signal corresponding to said predetermined pixel sampling density" and the "sampling density signal" is converted to produce the output signal in the end of claim 4.

Claim 6 is amended herein so as to positively recite "the location of an initial edge of that image" which language is thereafter correlated with the initial image edge location in the penultimate clause of claim 6.

Suzuki et al 4,922,351 shows an optical card reader which attempts to read binary data from the card. It is directed to constant relative speed as between the stored binary data and a read/write head. It does not show or teach the relative motion control of the present application and its claims. The other references mentioned in the Office action were placed of record in the application by applicant in the previously filed

HP188478                                         3

Information Disclosure Statement and thus, those prior comments are relevant here.

In summary, the helpful suggestions advanced by Examiner Vu are gratefully noted and implemented in the present amendment thereby placing the claims of this application in condition for allowance. Accordingly, reconsideration of the application and granting of a prompt Notice of Allowance are respectfully requested.

Respectfully submitted,
GERALD L. MEYER et al.

By _____
Earl C. Hancock, Attorney
Registration No. 19,472
Telephone: (303) 447-2060

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **HEWLETT-PACKARD COMPANY'S MOTION IN LIMINE TO PRECLUDE REFERENCE TO OR EVIDENCE REGARDING PATENTS THAT HAVE BEEN DISMISSED FROM THE LITIGATION [HP's Motion in Limine No. 3 of 10]** was this date served upon the following counsel of record, by Federal Express overnight delivery, following ordinary business, at their last known address as follows:

>    Paul N. Conover, Esq.
>    Knobbe, Martens, Olson & Bear
>    620 Newport Center Drive, 16th Floor
>    Newport Beach, CA   92660-8016

DATED:  May 25, 2001

*Traci Garner* (signature)
Traci Garner

-1-

GRAY CARY WARE
& FREIDENRICH LLP

SD\1447465.1
100818-155317

99-CV-0351 RHW (RBB)
CERTIFICATE OF SERVICE

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **HEWLETT-PACKARD COMPANY'S MOTION IN LIMINE TO PRECLUDE REFERENCE TO OR EVIDENCE REGARDING PATENTS THAT HAVE BEEN DISMISSED FROM THE LITIGATION [HP'S MOTION IN LIMINE NO. 3 of 10]** was this date served upon the following counsel of record, by hand-delivering a copy of same at their last known address as follows:

Frederick S. Berretta, Esq.
Knobbe, Martens, Olson & Bear
550 W. C Street, Suite 1200
San Diego, CA 92101
(619)235-8550

DATED: May 25, 2001

_____
Central Attorney Service
1500 State Street
Suite 245
San Diego, CA 92101

GRAY CARY WARE
& FREIDENRICH LLP

SD\1447485.1
100818-155317

99-CV-0351 RHW (RBB)
CERTIFICATE OF SERVICE