








```
CAG     5/29/01    13:49
3:99-CV-00351    HEWLETT PACKARD V. MUSTEK SYSTEMS INC
*265*
*MLIM.*
```

1  JOHN ALLCOCK (Bar No. 098895)
   JAMES T. HANNINK (Bar No. 131747)
2  JOHN E. GIUST (Bar No. 196337)
   LICIA E. HEFFERNAN (Bar No. 185819)
3  **GRAY CARY WARE & FREIDENRICH LLP**
   401 B Street, Suite 1700
4  San Diego, CA  92101-4297
   Tel:  (619) 699-2828
5  Fax:  (619) 699-2701

6  Attorneys for Plaintiff
   HEWLETT-PACKARD COMPANY

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10 | HEWLETT-PACKARD COMPANY, a      | CV No.  99-cv-0351-RHW (RBB)
   | Delaware corporation,           |
11 |                                 | **PLAINTIFF HEWLETT-PACKARD
   |         Plaintiff,              | COMPANY'S  MOTION IN LIMINE
12 |                                 | REGARDING GENERAL MATTERS**
   |    v.                           |
13 |                                 | [HP's Motion in Limine No. 10 of
   | MUSTEK SYSTEMS, INC., a         | 10]
14 | Taiwanese company, and          |
   | MUSTEK, INC., a California      |   Trial: June 18, 2001
15 | corporation,                    |   Time:  1:00 p.m.
   |                                 |   Ctrm:  14
16 |         Defendants.             |   Judge: Hon. Robert H. Whaley

17 | AND RELATED CROSS-ACTIONS.
18

ORIGINAL

SD\1447293.1                                     99-cv-0351-RHW  (RBB)
100818-155317

## I. INTRODUCTION.

Plaintiff Hewlett-Packard Company ("HP") requests that all parties, the counsel for the parties, and, through counsel, any and all witnesses be instructed to refrain from asking about or mentioning, directly or indirectly, any of the matters contained in this Motion in Limine, without first approaching the bench and obtaining a ruling of the Court outside the presence and hearing of the prospective jurors or the jurors ultimately selected in this case.

Plaintiff HP believes the matters set out in this Motion in Limine are inadmissible for any purpose, have no bearing on any of the issues in this case, and would be excluded from evidence on timely and proper objection. HP therefore makes this Motion in Limine because the mere mention of these matters before the prospective jurors or the ultimate jurors selected in this case would result in prejudice and harm to Plaintiff, and the sustaining of an objection following the mention of such matters would not cure their harmful and prejudicial effect. In fact, an objection might only serve to draw the jury's attention to the inadmissible evidence and increase the harmful and prejudicial nature of the evidence.

## II. MATTERS TO PRECLUDE.

Plaintiff requests that no mention be made of the following subjects in the presence of the prospective jurors or the jurors ultimately selected in this case:

/////
/////
/////

1. The filing of this Motion or any Motion in Limine by Plaintiff.

GRANTED _____    DENIED _____

2. Any mention of or reference to any settlement discussions between any of the parties to this lawsuit. FED. R. EVID. 408.

GRANTED _____    DENIED _____

3. Any request by any party or any counsel for any agreement or stipulation or understanding from Plaintiff or their counsel.

GRANTED _____    DENIED _____

4. Any mention that Plaintiff has failed to call any particular witness that would be available equally to both parties through the subpoena process.

GRANTED _____    DENIED _____

5. Any evidence that Defendants relied on an opinion of counsel concerning issues of willful infringement of the '635 patent or the '878 patent. No opinion of counsel was produced in this case nor, to the best of HP's knowledge, have the Defendants alleged that they obtained an opinion of counsel.

Defendants' 30(b)(6) witness stated that no such opinions were sought.

GRANTED _____    DENIED _____

**III. CONCLUSION.**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court grant this Motion in Limine and instruct the parties and counsel for the parties accordingly.

Dated: May 25, 2001

By _____
JOHN ALLCOCK
JAMES T. HANNINK
JOHN E. GIUST
GRAY CARY WARE & FREIDENRICH LLP
Attorneys for Plaintiff
HEWLETT-PACKARD COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **PLAINTIFF HEWLETT-PACKARD COMPANY'S MOTION IN LIMINE REGARDING GENERAL MATTERS [HP'S MOTION IN LIMINE NO. 10 of 10]** was this date served upon the following counsel of record, by Federal Express overnight delivery, following ordinary business, at their last known address as follows:

Paul N. Conover, Esq.
Knobbe, Martens, Olson & Bear
620 Newport Center Drive, 16th Floor
Newport Beach, CA 92660-8016

DATED: May 25, 2001

*[signature]*
Traci Garner

GRAY CARY WARE
& FREIDENRICH LLP

SD\1447465.1
100818-155317

-1-

99-CV-0351 RHW (RBB)
CERTIFICATE OF SERVICE

## CERTIFICATE OF SERVICE

1 
2 
3   I hereby certify that a copy of the foregoing **PLAINTIFF
4 HEWLETT-PACKARD COMPANY'S MOTION IN LIMINE REGARDING GENERAL
5 MATTERS [HP'S MOTION IN LIMINE NO. 10 of 10]** was this date served
6 upon the following counsel of record, by hand-delivering a copy
7 of same at their last known address as follows:

Frederick S. Berretta, Esq.
Knobbe, Martens, Olson & Bear
550 W. C Street, Suite 1200
San Diego, CA  92101
(619) 235-8550

DATED: May 25, 2001

_____
Central Attorney Service
1500 State Street
Suite 245
San Diego, CA  92101

-1-

Gray Cary Ware & Freidenrich LLP
SD\1447485.1
100818-155317

99-CV-0351 RHW (RBB)
CERTIFICATE OF SERVICE