

CAG   5/29/01    14:26
3:99-CV-00351    HEWLETT PACKARD V. MUSTEK SYSTEMS INC
*270*
*MLIM.*

|   |   |
|---|---|
| 1 | James F. Lesniak (State Bar No. 115,889) |
| 2 | Joseph R. Re (State Bar No. 134,479) |
|   | Karen Vogel Weil (State Bar No. 145,066) |
|   | Paul N. Conover (State Bar No. 192,358) |
| 3 | KNOBBE, MARTENS, OLSON & BEAR, LLP |
|   | 620 Newport Center Drive |
| 4 | Sixteenth Floor |
|   | Newport Beach, CA 92660 |
| 5 | (949) 760-0404 |
|   | (949) 760-9502 (FAX) |
| 6 |   |
|   | Frederick S. Berretta (State Bar No. 144,757) |
| 7 | Mark M. Abumeri (State Bar No. 188,349) |
|   | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| 8 | 550 West C Street |
|   | Suite 1200 |
| 9 | San Diego, CA  92101 |
|   | (619) 235-8550 |
| 10 | (619) 235-0176 (FAX) |
| 11 | Attorneys for Defendants |
|    | Mustek Systems, Inc. and Mustek, Inc. |

MAY 25

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEWLETT-PACKARD COMPANY, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>MUSTEK SYSTEMS, INC., a Taiwanese company, and MUSTEK, INC., a California corporation,<br><br>Defendant.<br><br>MUSTEK SYSTEMS, INC., a Taiwanese company, and MUSTEK, INC., a California corporation,<br><br>Counterclaimants,<br><br>v.<br><br>HEWLETT-PACKARD COMPANY, a California corporation,<br><br>Counterdefendant. | Civil Action No. 99-CV-0351 RHW (RBB)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE REFERENCE TO ANY STATEMENT, ALLEGED FINDING OF FACT, OR RULING IN THE COURT'S SUMMARY JUDGEMENT ORDERS**<br><br>[No. 3 of 7]<br><br><u>**PRE-TRIAL CONFERENCE:**</u><br><br>Date: June 8, 2001<br>Time: 10:00 a.m.<br>Crtrm: (telephonic)<br><br>The Honorable<br>Robert H. Whaley |

# I. INTRODUCTION AND BACKGROUND

At trial, Hewlett-Packard Company ("HP") is expected to refer to various statements, alleged findings of fact, or rulings in this Court's summary judgment orders as evidence that Defendants Mustek Systems, Inc. and Mustek, Inc. (collectively, "Mustek") have infringed HP's patents, that HP's patents are not invalid, or merely to undermine Mustek's credibility by showing that the Court has ruled against Mustek on certain issues.

HP is especially apt to refer to the Court's Order of April 13, 2001, wherein the Court: (1) denied Mustek's motions for summary judgment of non-infringement and invalidity of the '878 patent; (2) denied Mustek's motion for summary judgment of invalidity of the '635 patent; and (3) granted HP's motion for reconsideration of the Order granting Mustek's motion for summary judgment of non-infringement of the '635 patent, and, as a result, finding that Mustek literally infringes Claim 1 of the '635 patent. Any reference by HP to such rulings, or to any of the Court's statements in support thereof, would clearly be improper under FRE 403. All of the Court's Orders would only confuse the issues, mislead the jury, and unfairly prejudice Mustek.

## II. THE COURT'S SUMMARY JUDGMENT ORDERS SHOULD BE EXCLUDED AS PREJUDICIAL, CONFUSING, AND MISLEADING UNDER FEDERAL RULE OF EVIDENCE 403

The Court's statements in the summary judgment rulings would be confusing and misleading to the jury, and would severely and unfairly prejudice Mustek.

-1-

## A. The Jury Might Give the Court's Opinions Too Much Weight

The jury is apt to give exaggerated weight to any statements in this Court's summary judgment orders.[1] The jury may accept all of the Court's statements as unquestionably true, including alleged findings of fact, without doing any fact-finding of its own.[2] Moreover, such references could be used as springboards for the jury merely to find invalidity and infringement, under the mistaken belief that such conclusions are supported by this Court's seal of approval.[3] Thus, while Mustek is willing to have this Court instruct the jury that Mustek does not contest infringement of the '635 patent, such instruction should not in any way indicate that this Court previously found infringement of Claim 1 of the '635 patent.

Courts have held that the probative value of previous summary judgment orders, including statements in support thereof, are outweighed by their prejudicial effect. For

---

[1] See Greycas, Inc. v. Proud, 826 F.2d 1560, 1567 (7th Cir. 1987) (explaining judicial policy of preventing juries from hearing about statements made by courts because juries would probably give undue weight or credence to those statements especially when those statements were made by the judge presiding at trial).

[2] See Mendenhall v. Cedarapids, Inc., 5 F.3d 1557, 1574 (Fed. Cir. 1993) (ascertaining that a judicial opinion from another case should not be used to influence the jury's fact-finding mission).

[3] See Century Wrecker Corp. v. E.R. Buske Mfg. Co., 898 F.Supp. 1334, 1343 (N.D. Iowa 1995) (finding that the prejudicial value of prior summary judgment ruling of infringement upon the jury's decisions was excessive because the jury could conclude on the basis of infringement, that the patent was also valid).

instance, in <u>Century Wrecker Corp. v. E.R. Buske Mfg. Co.</u>, 898 F.Supp. 1334, 1343 (N.D. Iowa 1995), the court excluded evidence of a previous summary judgment ruling, in which the court had found infringement of the patents at issue, because that prior ruling would have an excessive prejudicial effect on the jury's decisions on the remaining issues. Recognizing that the jury did not need to know of the court's infringement finding, the court excluded the previous summary judgment ruling because the jury could conclude, for instance, "on the improper basis of the court's prior finding of infringement as a matter of law, that the patents infringed must be valid." <u>Id.</u> at 1345.[4]

In <u>Century Wrecker</u>, the court cited several cases in support of its basis for excluding the previous summary judgment order. <u>Id.</u> at 1343. In <u>United States v. Jones</u>, 29 F.3d 1549, 1554 (11th Cir. 1994), the Eleventh Circuit held that a judicial order was inadmissible hearsay. In <u>Nipper v. Snipes</u>, 7 F.3d 415, 417 (4th Cir. 1993) the Fourth Circuit

---

[4] On reconsideration, the court recognized that the jury needed to know of the finding of infringement. Therefore, the court advised the jury that it had decided, in proceedings prior to trial, that the defendants' products infringed and explained, in strongest possible terms, that the court's determination of infringement had no bearing on how the jury should decide any of the issue before it. <u>Century Wrecker</u>, 898 F. Supp. at 1348.

In the present case, the jury does not need to know that this Court found infringement of Claim 1 of the '635 patent. Mustek did not dispute infringement of claim 1 until this court construed it on summary judgment, which the court has subsequently revised to encompass the Mustek scanners.

Defs Mtn Limine Exclude Reference to Statement
Civil Action No. 99 CV 0351 RHW (RBB)

vacated a judgment ordering a new trial, because admitting findings of fact made in another case into evidence was an abuse of discretion. In Carter v. T. Burch, 34 F.3d 257, 265 (4th Cir. 1994), the Fourth Circuit affirmed a judgment excluding another judge's opinion and any testimony referring to it because the opinion was inadmissible hearsay. In view of the authority above, reference to statements, alleged findings of fact or rulings in the previous summary judgment orders would not only unfairly prejudice Mustek, but may also run afoul of the hearsay rule.

**B. The Jury Might Not Understand That Completely Different Legal Standards Apply To Summary Judgment and Trial**

The jury might not appreciate that the movant on summary judgment must meet the very high burden of showing that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.[5] Nor would the jury understand that the non-movant on summary judgment, unlike the plaintiff at trial, is entitled to all favorable inferences on any disputed factual issue.

It would be difficult to fully explain these principles to the jury. If HP were permitted to mention that this Court has denied Mustek's motions on the '635 and '878 patents, the jury might improperly assume that Mustek's defenses are weak or legally unjustified. On the other hand, if the Court were to explain the high standard for summary judgment, the jury might unfairly believe that HP's case on the '635 patent is

---

[5] Fed.R.Civ.P. 56(c)

-4-

indisputable because HP has received summary judgment of infringement (even though patent validity remains for trial).

### C. Mustek Might Lose Credibility Before The Jury Due To The Court's Adverse Rulings

The jury cannot be expected to understand the complicated procedural history of this case; nor is it required to do so. The jury might incorrectly perceive that Mustek has taken inconsistent positions regarding infringement of the '635 patent, and discredit Mustek's evidence and arguments on other issues as well. It would be difficult to explain that, although Mustek did not even contest infringement of the '635 patent in its opposition to HP's Motion for Preliminary Injunction, Mustek later requested (and initially was granted) summary judgment of non-infringement after this Court narrowly construed the claims.

The jury might not understand that Mustek has not taken inconsistent positions, **but has merely responded to a developing interpretation of the '635 patent claims by the Court.** The danger of jury confusion would be avoided by simply preventing HP from introducing the Court's Orders.

### D. The Jury Might Incorrectly Assume That The Court's Order Suggests That Mustek Has Committed Willful Infringement

Without understanding the very complex procedural history of this case, the jury might infer from the Court's Order that the issues underlying HP's infringement allegations on the '635 patent are clear and that Mustek had no reasonable basis to believe it did not infringe any valid patent claims.
/ / /

-5-
Defs Mtn Limine Exclude Reference to Statement
Civil Action No. 99 CV 0351 RHW (RBB)

It would be very difficult, and wasteful of precious trial time, to attempt to explain the many procedural turns in this case and to demonstrate to the jury that Mustek has had, and does have, an exceptionally reasonable basis to believe it does not infringe any valid claim of either of HP's patents-in-suit. The risk of such confusion would be eliminated, or at least minimized, by simply preventing HP from introducing any evidence of the Court's summary judgment rulings.[6]

### III. CONCLUSION

For the foregoing reasons, the Court should exclude reference to any statement, including any alleged findings of fact, within any of this Court's summary judgment orders.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: May 25, 2001

By: _/s/ Frederick S. Berretta_
James F. Lesniak
Joseph R. Re
Frederick S. Berretta
Mark M. Abumeri
Paul N. Conover
Attorneys for Defendants
Mustek Systems, Inc., and
Mustek, Inc.

---

[6] Of course, Mustek intends to introduce this Court's Order denying HP's Preliminary Injunction Motion to rebut HP's charge of willful infringement. In that Order, the Court held that HP was not likely to succeed on the merits at trial, and thus underscored Mustek's reasonable basis to believe that it did not infringe any valid claim. Mustek will not use the Order to prove the truth of the matter asserted, but rather to show Mustek's state of mind, and thus it would not be hearsay when offered for that purpose.

| | |
|---|---|
| 1 | <u>PROOF OF SERVICE</u> |
| 2 | I am a citizen of the United States of America and am |
| 3 | employed in San Diego, California. I am over the age of 18 |
| 4 | and not a party to the within action. My business address is |
| 5 | 550 West C Street, Suite 1200, San Diego, California. On May |
| 6 | 25, 2001, I served the within **MEMORANDUM OF POINTS AND** |
| 7 | **AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO** |
| 8 | **EXCLUDE REFERENCE TO ANY STATEMENT, ALLEGED FINDING OF FACT,** |
| 9 | **OR RULING IN THE COURT'S SUMMARY JUDGEMENT ORDERS** on the |
| 10 | parties or their counsel shown below, by placing it in a |
| 11 | sealed envelope addressed as follows: |

VIA PERSONAL SERVICE:  John Allcock
James T. Hannink
Marta B. Almli
John E. Guist
Licia Heffernan
Gray Cary Ware & Freidenrich, LLP
401 B Street, Suite 1700
San Diego, CA  92101-4297

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 25, 2001 at San Diego, California.

_____
Theresa M. Bader

VLB-1317.DOC
052101

-7-

Defs Mtn Limine Exclude Reference to Statement
Civil Action No. 99 CV 0351 RHW (RBB)