








```
CAG    6/5/01    11:43
3:99-CV-00351    HEWLETT PACKARD V. MUSTEK SYSTEMS INC
*291*
*OPPM.*
```

JOHN ALLCOCK (Bar No. 098895)
JAMES T. HANNINK (Bar No. 131747)
JOHN E. GIUST (Bar No. 196337)
LICIA E. HEFFERNAN (Bar No. 185819)
**GRAY CARY WARE & FREIDENRICH LLP**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: (619) 699-2828
Fax: (619) 699-2701

Attorneys for Plaintiff
HEWLETT-PACKARD COMPANY



FILED
JUN 4 2001

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEWLETT-PACKARD COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>MUSTEK SYSTEMS, INC., a Taiwanese company, and MUSTEK, INC., a California corporation,<br><br>Defendants.<br><br>AND RELATED CROSS-ACTIONS. | CV No. 99cv0351-RHW(RBB)<br><br>**HEWLETT-PACKARD COMPANY'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 3: TO EXCLUDE REFERENCE TO ANY STATEMENT, ALLEGED FINDING OF FACT, OR RULING IN THE COURT'S SUMMARY JUDGMENT ORDERS**<br><br>Pretrial Conference<br>Date: June 8, 2001<br>Time: 10:00 a.m. (telephonic)<br>Judge: Hon. Robert H. Whaley |



## I. INTRODUCTION

Defendant Mustek Systems, Inc. and Mustek, Inc. (collectively "Mustek") filed a motion in limine to exclude *all* references to any statement, alleged finding of fact, or ruling in the Court's summary judgment orders. For the reasons set forth below, the jury should be informed that the Court has found Mustek's scanners literally infringe Claim 1 of HP's '635 patent and therefore the jury need not decide this issue at trial. This evidence is relevant to the jury's determination of willful infringement, because infringement is an essential element of the claim for willful infringement. Mustek has failed to establish that any alleged unfair prejudice substantially outweighs the probative value of this evidence. The Court should reject Mustek's suggestion that the jury instead be falsely instructed that Mustek "did not contest" infringement of this claim; that statement is false, misleading, and will unfairly prejudice HP.

## II. THE JURY IS ENTITLED TO KNOW THIS COURT FOUND MUSTEK'S SCANNERS INFRINGE CLAIM 1 OF HP'S '635 PATENT, AS THIS EVIDENCE IS RELEVANT AND PROBATIVE TO HP'S CLAIM OF WILLFUL INFRINGEMENT.

Mustek seeks to prevent HP from referring to the Court's Order dated April 10, 2001, in which this Court: (1) denied Mustek's motions for summary judgment of non-infringement and invalidity of the '878 patent, (2) denied Mustek's motion for summary judgment of invalidity of the '635 patent, and (3) granted HP's motion for reconsideration, and ruled that Mustek infringes Claim 1 of the '635 patent. (Mustek Br. at 1.) At trial, HP does not plan to tell the jury of this Court's *denial* of Mustek's summary judgment motions on the '878 patent

-1-

and the '635 on-sale issue. Thus, Mustek's motion to exclude commentary by HP regarding holdings (1) and (2) above is moot.

With regard to the Court's holding (3) above, however, the jury should be informed that the Court has found Mustek's scanners infringe Claim 1 of HP's '635 patent. (*See* April 10, 2001 Order on Summary Judgment Motions at 22-29, 31-32.) As set forth below, this finding of infringement is relevant and probative evidence. Informing the jury of the *fact* of this Court's finding of infringement is relevant to HP's willful infringement claim and will not confuse the issues, mislead the jury, or unfairly prejudice Mustek. Mustek has not established any alleged unfair prejudice that is substantially outweighed by the probative value of this evidence.

**A. Federal Rule of Evidence 403 and the Relevant Legal Authorities Compel Disclosure to the Jury of the Court's Previous Finding That Mustek's Scanners Infringe Claim 1 of HP's '635 Patent.**

A district court's decision to admit or exclude evidence is reviewed under an abuse of discretion standard. *Medenhall v. Cedarapids, Inc.*, 5 F.3d 1557, 1568-69 (Fed. Cir. 1993). Courts should admit evidence proffered by the parties if the evidence is relevant and admissible under Federal Rule of Evidence 403. *Id.* at 1568-75. Federal Rule of Evidence 403 provides that evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed. R. Evid. 403. According to the Advisory Committee Note to Rule 403, the court must balance "the probative value of and need for the evidence

-2-

against the harm likely to result from its admission." Fed. R. Evid. 403 Advisory Committee Notes (1972). In addition, evidence may be excluded from trial if it violates the hearsay rule. Fed. R. Evid. 801-02. As set forth below, (1) the Court's infringement finding is relevant, (2) the probative value of this evidence is not substantially outweighed by any alleged unfair prejudice, confusion of the issues, or misleading of the jury, and (3) the infringement finding on summary judgment is not hearsay.

### 1. This Evidence Is Relevant.

Evidence of this Court's finding that Mustek scanners infringe Claim 1 of HP's '635 patent is relevant here to the jury's determination of willful infringement and the question of damages for infringement. As noted by the district court in *Century Wrecker Corp. v. E.R. Buske Mfg. Co.*, 898 F. Supp. 1334, 1347 (N.D. Ill. 1995), one of the cases cited by Mustek, "[t]he determination of infringement is an essential element" of a claim for "willfulness of infringement, and is relevant to the question of damages for infringement."

In the text of its brief, Mustek cites *Century Wrecker*, 898 F. Supp. at 1347 and other cases in support of its argument that this Court should exclude evidence regarding statements, alleged findings of fact, and rulings in previous summary judgment orders. (Mustek Br. at 2-4.) While these cases may hold that the summary judgment "ruling itself is inadmissible," *Century Wrecker*, 898 F. Supp. at 1343 (citing *Carter v. T. Burch*, 34 F.3d 257, 265 (4th Cir. 1994); *United States v. Jones*, 29 F.3d 1549, 1554 (11th Cir. 1994); *Nipper v. Snipes*, 7 F.3d 415, 417 (4th

-3-

Cir. 1993)), these cases do <u>not</u> hold that a court's finding of infringement on summary judgment <u>in the same action</u> is inadmissible. Moreover, as Mustek admits in a footnote, "[o]n reconsideration, the court [in *Century Wrecker*] recognized that the jury needed to know of the finding of infringement." (Mustek Br. at 3 n.4.)  Thus, the Court determined its previous ruling was "legal error" and thereafter informed the jury of the Court's prior finding that defendant's products infringed plaintiff's patents. *Century Wrecker*, 898 F. Supp. at 1348. The court noted that "[a]lthough [it] previously recognized the relevance of its infringement determination to remaining issues, the court may have given undue weight to the prejudicial effect of the ruling despite its relevance without due regard to possible confusion of the jury and resulting prejudice to both the plaintiff and defendant if the jury was not advised of that determination of infringement." *Id.* at 1347.

The same is true here. This Court's finding that Mustek scanners infringe Claim 1 of HP's '635 patent is relevant to the jury's determination of willful infringement. As in *Century Wrecker*, 898 F. Supp. at 1348, the jury should be informed of that ruling.

**2. Mustek Has Not Established Under Rule 403 That the Probative Value of This Evidence "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."**

"Unfair prejudice" in Rule 403 "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 Advisory

-4-

Committee Notes (1972). The improper basis proposed by Mustek is that the jury will ignore its duty to examine all of the evidence before it and blindly apply the summary judgment finding of this Court to unrelated issues in this case. A prior finding of infringement by this Court is not the kind of "improper basis" contemplated by Rule 403.

Mustek wants this Court to assume the jury will attach undue weight to this Court's prior ruling and, with regard to the issue of willful infringement, improperly "infer from the Court's Order that the issues underlying HP's infringement allegations on the basis of the '635 patent are clear and that Mustek had no reasonable basis to believe it did not infringe any valid patent claims." (Mustek Br. at 5.) Such an assumption is improper. Courts should "presume" that jurors are "conscious of the gravity of their tasks" and that they pay close attention to and carefully follow a judge's instructions. *Francis v. Franklin*, 471 U.S. 307, 324 n.9 (1985). "'Jurors, if properly instructed and treated with deserved respect, bring collective intelligence, wisdom, and dedication to their tasks, which is rarely equaled in other areas of public service . . . .'" *SRI Int'l v. Matsushita Elec. Corp.*, 775 F.2d 1107, 1128 n.7 (Fed. Cir. 1985) (quoting *In re U.S. Financial Sec. Litigation*, 609 F.2d 411, 430 (9th Cir. 1979)). Mustek should not ask this Court to assume the worst of the jury; rather, the Court should trust the jury and inform it of all relevant facts that are not unfairly prejudicial, confusing, or misleading. As infringement is an essential element of HP's willful infringement claim, evidence of the Court's infringement finding will not confuse the issues or

-5-

1  mislead the jury; rather, it will clarify the issues for the jury
2  when it decides whether Mustek is liable for willful infringement
3  of Claim 1 of the '635 patent.
4      Mustek's arguments relating to the different legal standards
5  that apply at summary judgment and trial are irrelevant, (Mustek
6  Br. at 4-5), as HP does not seek to offer evidence that the Court
7  denied Mustek's summary judgment motions.  In addition, because
8  HP does not plan to inform the jury of the procedural history or
9  Mustek's positions regarding its infringement of the '635 patent,
10 Mustek's arguments relating to the "complicated procedural
11 history of this case" are also irrelevant.  (Mustek Br. at 5.)
12 HP simply wants the jury to be informed that the Court has found
13 Mustek's scanners infringe Claim 1 of the '635 patent.

### 3. This Evidence Is Not Hearsay.

15     Finally, Mustek argues that this Court's prior summary
16 judgment findings, which are law of the case, violate the hearsay
17 rule.  There is no legal support for this argument.  The cases
18 cited by Mustek are inapplicable here because they do not involve
19 the issue of admissibility of a summary judgment finding in the
20 *same case*.  (Mustek Br. at 3-4 (citing *United States v. Jones*, 29
21 F.3d at 1554 (order in related federal court case involving some
22 of the same parties violated hearsay rule); *Nipper*, 7 F.3d at 417
23 (order in related state court case involving some of the same
24 parties violated hearsay rule); *Carter*, 34 F.3d at 265 (letter
25 opinion ordering prisoner's release and expert testimony to
26 interpret opinion violated hearsay rule)).  Like this Court's
27 claim construction, the Court's summary judgment findings
28 /////

GRAY CARY WARE  
& FREIDENRICH LLP  
SD\1448261.1  
100818-155317  

99cv0351 - RHW (RBB)

regarding infringement are the law of the case and Mustek has not established that they are excluded by the hearsay rule.

**B. This Court Should Reject Mustek's Suggestion That the Jury Be Told a Lie - That Mustek Did Not Contest Infringement of Claim 1 of the '635 patent - as This False Statement Is False and Would Unfairly Prejudice HP.**

Mustek's proposal that this Court "instruct the jury that Mustek does not contest infringement of the '635 patent" (Mustek Br. at 2) is completely unacceptable. That statement is untrue, misleading, and unfairly prejudicial to HP. Telling the jury that infringement was not contested by Mustek gives the jury the false impression that Mustek has conceded infringement of Claim 1 throughout this litigation. That is plainly wrong, since it took two rounds of briefing (Mustek's motion for summary judgment of non-infringement and HP's motion for reconsideration) to resolve that issue. Accordingly, the Court should not falsely instruct the jury that Mustek did not contest infringement.

**III. CONCLUSION**

The jury should be informed that this Court found that Mustek's scanners infringe Claim 1 of the '635 patent. This determination is relevant and probative to HP's willful infringement claim. Unlike Mustek's proposed instruction that "Mustek does not contest infringement of the '635 patent," HP

/////
/////
/////
/////
/////

-7-

1 | proposes to tell the jury something that is true and not unfairly
2 | prejudicial.
3 | DATED: June 4, 2001

GRAY CARY WARE & FREIDENRICH LLP

By _/s/ James T. Hannink_
JOHN ALLCOCK
JAMES T. HANNINK
JOHN E. GIUST
LICIA E. HEFFERNAN
Attorneys for Plaintiff
HEWLETT-PACKARD COMPANY

-8-